IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BILLY JOE HILL,
                             Plaintiff,

       v.                                       CASE NO. 07-3082-SAC

DUKE TERRELL, et al.,
                             Defendants.

**O R D E R**

Plaintiff proceeds pro se on a complaint filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The court denied plaintiff leave to proceed in forma pauperis and dismissed the complaint without prejudice based on its finding that plaintiff had not paid the initial partial filing assessed by the court under 28 U.S.C. § 1915(b)(1).  Before the court is plaintiff's motion for the court's reconsideration of that final order and judgment.

Having reviewed the record, the court finds plaintiff filed a timely objection to the fee assessment order, and later paid the assessed fee.  The court thus finds it appropriate to grant plaintiff's motion for reconsideration, and to reopen this action.

To the extent plaintiff renews his request for certification to proceed as a plaintiff class of over 300 identified prisoners, the court continues to find class certification is neither warranted nor appropriate in this matter.  Plaintiff's related motion for appointment of counsel to represent the plaintiff class is denied.

Plaintiff's motion for leave to proceed in forma pauperis is granted, with payment of the remainder of the $350.00 district court

filing fee to proceed through automatic payments from plaintiff's inmate trust fund account, as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks injunctive and monetary relief on broad allegations of overcrowding, under staffing, and oppressive conditions at the United States Penitentiary in Leavenworth, Kansas (USPLVN). The two defendants named in the complaint are Duke Terrell the former USPLVN Warden, and Harley G. Lappin the Director of the Federal Bureau of Prisons. Plaintiff generally cites insufficient servings of outdated and rotten food, soiled and stained bedding, confinement with other prisoners prior to classification which threatens personal safety, problems in preparing materials for court, unequal treatment compared to that given non-indigent prisoners, and insufficient guards to adequately monitor prisoners and respond to problems or medical issues.[1] Having reviewed these allegations, the court finds this action is subject to being summarily dismissed as stating no claim upon which relief can be granted against any of the defendants.

To establish a Bivens cause of action, a party must have some

---

[1] Plaintiff's attachments to the complaint include administrative grievances on similar allegations during plaintiff's confinement in a federal facility in Texas, and plaintiff cites a previous complaint he attempted to file in Texas prior to his transfer to USPLVN.

evidence to support a finding that a federal agent acting under color of such authority violated some cognizable constitutional right of the plaintiff. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). *See* Seigert v. Gilley, 500 U.S. 226 (1991)(to support Bivens claim, alleged conduct must rise to level of constitutional violation). Conclusory allegations of constitutional violations are insufficient. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

Also, plaintiff must show each defendant's personal participation in the alleged constitutional deprivation. Jenkins v. Wood, 81 F.3d 988, 994-95 (10th Cir. 1996). *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003)(personal participation is an essential allegation in Bivens claim), *cert. denied*, 543 U.S. 925 (2004), *overruled on other grounds,* Jones v. Bock, 127 S.Ct. 910 (2007). A plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. Rizzo v. Goode, 423 U.S. 362 (1976).

In the present case, plaintiff's broad and conclusory allegations of problems affecting USPLVN prisoners in general does not identify any specific claims concerning plaintiff's own incarceration. Nor does plaintiff provide a factual basis for establishing any defendant's personal participation in any alleged violation of plaintiff's constitutional rights. Absent supplementation of the complaint to address these deficiencies, the

3

complaint is subject to being summarily dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 6) is granted. The order and judgment entered in this matter on June 27, 2007, is hereby vacated and set aside.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's renewed request for class certification (Doc. 6), and for appointment of counsel to represent the class of plaintiffs (Doc. 6), are denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to supplement the complaint with a form complaint to avoid dismissal of the complaint as stating no claim for relief.

A copy of the this order is to be forwarded to the Finance Officer where plaintiff is currently confined. The clerk's office is to provide plaintiff with a form <u>Bivens</u> complaint.

**IT IS SO ORDERED.**

DATED: This 23rd day of January 2008 at Topeka, Kansas.

                                               s/ Sam A. Crow
                                               SAM A. CROW
                                               U.S. Senior District Judge